## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **CHRIS KROL,**<br><br>　　　　**Plaintiff,**<br><br>v.<br><br>**CAMDEN SUPERIOR COURT,**<br><br>　　　　**Defendants.** | **Case No. 25–cv–12235–ESK–MJS**<br><br><br>**OPINION & ORDER** |

    **THIS MATTER** having come before the Court on the application (Application) of *pro se* plaintiff to proceed *in forma pauperis* (IFP); and on June 30, 2025 at 9:38 a.m., the Court having dismissed without prejudice plaintiff's complaint of June 25, 2025 with leave to file an amended complaint (Original Complaint); and plaintiff having filed on June 30, 2025 at 5:00 p.m. a "complaint and request for injunction," which the Court deems to be plaintiff's amended complaint (Amended Complaint) (ECF No. 6); and plaintiff having submitted for filing over 85 pdf files that contain over 600 documents to the Court via the Alternate Document Submission system, including a criminal complaint with a caption indicating that the complaint is before the United States District Court for the District of Columbia and a motion that purports to be before the Superior Court of New Jersey, Criminal Division, Camden County (Documents); and the Court finding,

    1.    Pursuant to 28 U.S.C. §1915(a)(1), this Court may allow a litigant to proceed without prepayment of fees if the litigant "submits an affidavit that includes a statement of all assets" and "states the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an [applicant] must show the inability to pay the filing and docketing fees." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

    2.    Plaintiff's affidavit in support of the Application sufficiently establishes plaintiff's inability to pay the Court's fees.

3.    The Court shall accordingly screen the Amended Complaint to determine whether it: (a) is frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief.    28 U.S.C. §1915(e)(2)(B)(i)–(iii).    The Court notes that while pleadings filed by *pro se* plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

4.    When evaluating whether a complaint must be dismissed under 28 U.S.C. §1915(e), the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002).    To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face."    *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).    "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5.    A complaint must also comply with Rule 8, which requires that each allegation be "simple, concise, and direct" yet provide enough specificity as to "give the defendant fair notice of what the … claim is and the grounds upon which it rests."    *Bell Atl. Corp.*, 550 U.S. at 555.

6.    The Amended Complaint will be dismissed for the same reasons as the Original Complaint.    *See* ECF No. 5.    The Amended Complaint alleges that the basis for plaintiff's claim that landlord tenant "judges displace NJ residents from their homes" is "moral principles."    (ECF No. 6 pp. 3, 4.)    The Amended Complaint does not plausibly allege a viable claim against defendant "Camden Superior Court."    Thus, plaintiff's claims are deemed to be frivolous. *Grayson*, 293 F.3d at 114 (noting that while a *pro se* plaintiff should generally be provided the opportunity to cure deficiencies in a complaint, this rule is inapplicable where granting an opportunity to amend would be futile).

Accordingly,

    **IT IS** on this    **8th** day of **July 2025    ORDERED** that:

1.    The Application (ECF No. 4) is **GRANTED.**

2

2.    The Amended Complaint (ECF No. 6) is **DISMISSED with prejudice**.

3.    The Clerk of the Court is directed not to file the Documents on the docket in this matter.  No action will be taken by the Court as to the Documents.

4.    The Clerk of the Court is directed to **close** this action and send a copy of this Order to plaintiff by regular mail.


___/s/ Edward S. Kiel_____
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**